

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,032-01

### EX PARTE JOHN DEWAYNE WESTERMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 27595A IN THE 249TH DISTRICT COURT FROM JOHNSON COUNTY

WALKER, J., filed a concurring opinion in which RICHARDSON and NEWELL, JJ., joined.

### CONCURRING OPINION

I agree with the Court's decision to grant Applicant, John Dewayne Westerman, habeas corpus relief. I write separately to address the dissent's argument that the doctrine of laches should bar relief in this case. Laches, which is concerned with prejudice to the opposing party due to delay, should not bar relief in this case. Although the State may be prejudiced in opposing Applicant's ground claiming ineffective assistance of counsel, the State is neither prejudiced in opposing Applicant's ground of involuntary plea nor will it be prejudiced in its ability to retry Applicant for

the offense.

### I — Laches and Prejudice

The doctrine of laches is a common-law doctrine that applies as a bar to relief when an applicant's unreasonable delay has prejudiced the State, thereby rendering consideration of his claim inequitable. *Ex parte Perez*, 398 S.W.3d 206, 210, 219 (Tex. Crim. App. 2013). Laches is concerned with prejudice, not the mere passage of time. *Ex parte Carrio*, 992 S.W.2d 486, 488 n.3 (Tex. Crim. App. 1999), *abandoned in part by Perez*, 398 S.W.3d at 215; *Perez*, 398 S.W.3d at 219 ("proof of mere passage of time will continue to be insufficient to raise laches").

Of the prejudice, the State does not have to make a particularized showing. *Perez*, 398 S.W.3d at 215. Instead, courts may broadly consider material prejudice resulting from the delay, and prejudice means anything that places the State in a less favorable position, including its ability to retry a defendant. *Id.* Thus, a court may consider the totality of the circumstances in deciding whether to grant equitable relief. *Id.*

Among the relevant circumstances, it may be proper to consider factors such as the length of the delay, the reasons for the delay, and the degree and type of prejudice resulting from the delay. *Id.* at 217. No single factor is necessary or sufficient. *Id.* Instead, courts must engage in a difficult and sensitive balancing process that takes into account the parties' overall conduct. *Id.* In considering whether prejudice has been shown, a court may draw reasonable inferences from the circumstantial evidence to determine whether excessive delay has likely compromised the reliability of a retrial. *Id.* If prejudice to the State is shown, a court must then weigh that prejudice against any equitable considerations that militate in favor of granting habeas relief. *Id.*

"[R]ather than being focused on the ills of repetition and wasted resources caused by an

applicant's failure to act more quickly in raising his claims," the doctrine of laches is, in general, "intended to address the broader interests of the criminal-justice system, such as prejudice to the State's ability to prosecute a defendant or to respond to allegations due to the loss of evidence." *Ex parte Saenz*, 491 S.W.3d 819, 826 (Tex. Crim. App. 2016).

## II — Prejudice in this Case

As noted above, prejudice can present itself in the State's ability to prosecute a defendant or to respond to the allegations raised in the application for writ of habeas corpus. *Id.*

On the former, the State is not prejudiced in its ability to retry the case. On one hand, according to the affidavit provided by a Johnson County assistant district attorney, the State has lost its case file which contained Applicant's confession to the offense. Additionally, the victim was contacted and she indicated that she could no longer identify the perpetrator of the offense, that she could not remember much else about the offense, and that she was unwilling to pursue the case any further or provide testimony.

On the other hand, the affidavit also states that Applicant was not only agreeable to giving another voluntary written confession, he also gave that new confession, so little prejudice results from the loss of the old confession contained in the State's lost case file. Indeed, at the habeas hearing, the State explicitly responded that because Applicant gave a new confession, "at this point, no, we're not materially prejudiced."[1] Furthermore, the State has more than just the new confession. The Johnson County Sheriff's Office case file was not lost, and its contents, including the offense reports, were included as an attachment to the affidavit. In particular, the Investigative Supplement Report, dated the day after the aggravated robbery offense, includes a number of narrative

---

[1] Supplemental Rep. R. vol. 3, 11.

summaries, including the police interview of the victim and the police interview of Applicant, both of which describe the offense.[2] On balance, given Applicant's new confession and the offense reports which seem to contain the substance of both the victim's statement and Applicant's old confession, the State's ability to retry the case has not been prejudiced.

Additionally, not only is the State's ability to retry the case not prejudiced, neither is the State's ability to secure a conviction. On top of the new confession, Applicant and the State have, according to the record of the habeas hearing, reached a tentative plea deal. Should we grant his application for habeas relief, Applicant has agreed to plead guilty to the charged offense for time served.[3] The State can hardly be prejudiced.

The dissent, however, concludes that although Applicant's new confession addresses the State's ability to retry the case, it does not address the State's ability to respond to the application for writ of habeas corpus before us. The dissent identifies that the State is prejudiced in opposing Applicant's ground alleging ineffective assistance of counsel because trial counsel has apparently died. On this ground, I agree. With the loss of trial counsel, we will never be able to know whether counsel investigated the propriety of the enhancement paragraph, and, if he did so, we will never be able to know why counsel did not challenge the enhancement paragraph or why counsel advised Applicant to plead guilty.

However, Applicant raised three grounds in his application for writ of habeas corpus. Along with the ineffective assistance of counsel claim raised in the first ground, the second ground raises the claim that Applicant's guilty plea was not voluntary because he was misinformed about the

---

[2] Supplemental Clerk's R. 35, 36–37.

[3] Supplemental Rep. R. vol. 3, 5, 21.

enhancement, and the third ground raises the claim that the sentence is illegal. While the State is prejudiced in its ability to respond to the first ground, the trial court's recommendation that we grant habeas corpus relief is not premised on that ground. Instead, the recommendation is based on the second ground, the claim that the guilty plea was involuntary because Applicant was misinformed about the range of punishment. On this ground, the prejudice to the State, if any, caused by Applicant's delay in filing this application does not outweigh Applicant's entitlement to relief.

A guilty plea must be not only voluntary but also a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States*, 397 U.S. 742, 748 (1970). A guilty plea would be involuntary if a defendant is in total ignorance of the precise nature of the charge and the range of punishment it carries, since such a defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013) (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)). "In determining the voluntariness of a plea of guilty, the more logical question is whether there is a reasonable likelihood that it affected the defendant's decision to plead guilty, not whether it affected the conviction or sentence." *Ex parte Barnaby*, 475 S.W.3d 316, 325 (Tex. Crim. App. 2015).

Here, after Applicant testified, the trial court found from his testimony that Applicant would have rejected the thirty year offer if he knew that no prior felony convictions were available for enhancement purposes. Then the trial court concluded that Applicant's plea was not voluntary. Given that there was a hearing in which Applicant testified, the State was not materially prejudiced in its ability to oppose the involuntary plea claim. Applicant, the person who made the ultimate decision to plead guilty, was on the stand, and the State had an opportunity to both cross-examine his claim

that he would not have pled guilty and impeach his credibility. The State did not take that opportunity. The State did not question Applicant at all, and the State did not oppose Applicant's involuntary plea claim at the habeas hearing. The record of the proceeding is wholly cooperative and non-adversarial between Applicant and the State. Furthermore, the proposed findings and conclusions, which concluded that Applicant's plea was involuntary, were provided by the State at the habeas hearing. The State's ability to oppose Applicant's claim for a writ of habeas corpus is not prejudiced because the State, although originally opposed to the writ,[4] no longer opposes it.

### III — Conclusion

In conclusion, I agree with the trial court that laches should not apply in this case. The State is not prejudiced in its ability to retry Applicant for the offense. Furthermore, although the State may be theoretically prejudiced in its ability to oppose Applicant's application for writ of habeas corpus, the State does not actually oppose it. I agree with the Court's decision to follow the recommendation of the trial court and to grant the application for a writ of habeas corpus.

Filed: April 10, 2019
Publish

---

[4] Initially, after Applicant filed his application for writ of habeas corpus, the State originally opposed the application at that time based upon a belief that Applicant's earlier burglary conviction was "final" for enhancement purposes, because, even though he was on an unrevoked shock probation for that offense, he had previously been on probation which had been revoked before the imposition of shock probation. Respondent's Original Answer, Clerk's R. at 63–64. Therefore, according to the State, trial counsel could not have been ineffective for failing to investigate the impropriety of the enhancement. *Id.* at 64.